IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| **SERGIO MORENO, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. 216(B),**<br><br>*Plaintiff*,<br>          v.<br><br>**SILVERTIP COMPLETION SERVICES OPERATING, LLC,**<br><br>*Defendant*. | Civil Action No. 7:19-00240 |

## ORIGINAL COMPLAINT

Plaintiff Sergio Moreno, individually and on behalf of those similarly situated, file this Original Complaint against Silvertip Completion Services Operating, LLC ("Silvertip" or "Defendant"), and in support shows the following:

### I.     INTRODUCTORY FACTS AND SUMMARY

1. Defendant is a Midland-based oilfield services company that provides case-hole wireline services to its customers throughout the Permian Basin.

2. Defendant employed Plaintiff and other individuals to directly and indirectly provide its oilfield services to Defendant's customers and pays them on a non-exempt basis ("Non-Exempt Employees" or "NEEs"), but fails to pay them overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

3. NEEs regularly worked in excess of 40 hours per workweek, but were not paid overtime at the legally required rate for all overtime hours worked.

4.     Defendant violated the FLSA by miscalculating the overtime rate it paid to NEEs for overtime hours worked. Defendant specifically miscalculated overtime by failing to include all required remuneration earned by NEEs into the regular rate of pay to determine overtime compensation. This policy did not depend on the specific form of pay provided to Plaintiff. Rather, Defendant **categorically** excluded **all** additional pay—other than hourly pay—provided to NEEs from the regular rate of pay. The additional payments excluded from the regular rate of pay ("Additional Pay") include, but may not be limited to job bonus and non-discretionary bonus pay. Defendant's policy of categorical exclusion of Additional Pay from the regular rate ("Overtime Miscalculation Policy") violated the FLSA.

5.     Plaintiff brings this action individually and on behalf of other similarly situated NEEs, who, due to Defendant's Overtime Miscalculation Policy, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

**Parties**

6.     Plaintiff Sergio Moreno is an individual who worked for Defendant as an NEE from approximately January 2019 to August 2019. He has attached his consent to participate in this action as Exhibit A.

7.     The "Collective Action Members" are all non-exempt workers employed by Defendant in the past three years who received Additional Pay and whose overtime

was calculated based on a regular rate that excluded Additional Pay.[1] This definition includes, but is not limited to, NEEs who were subject to the Overtime Miscalculation Policy defined above.

8. Defendant is a Delaware limited liability company.

9. Defendant's principal place of business is in Midland, Texas.

10. Defendant's members all reside in Midland, Texas.

**Jurisdiction and Venue**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

12. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

13. Plaintiff worked as a NEE for Defendant in the last two years.

14. Defendant employed NEEs to directly and indirectly provide Defendant's casing and other services to Defendant's customers. NEEs regularly worked in excess of 40 hours per week, but were not paid in compliance with the FLSA. Defendant violated the FLSA by paying NEEs pursuant to the Overtime Miscalculation Policy that failed to include all required remuneration, including but not limited to Additional Pay, into NEEs regular rate to calculate overtime.

---

[1] Minyard v. Double D Tong, Inc., 237 F. Supp. 3d 480, 491 (W.D. Tex. 2017), on reconsideration, No. MO:16-CV-00313-RAJ, 2017 WL 5640818 (W.D. Tex. Mar. 22, 2017) (granting conditional certification to all non-exempt casing workers who "received … additional pay…. not included in the regular rate of pay.").

15. Defendant knew about the FLSA's overtime requirements, but chose not to pay Plaintiff or the Collective Action Members overtime in compliance with the FLSA. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff or the Collective Action Members proper overtime compensation.

16. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

17. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

18. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

19. During his employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

20. During his employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

**Collective Action Allegations**

21. Plaintiff and the Collective Action Members performed the same or similar job duties. Specifically, Defendant employed all NEEs to directly and indirectly provide its oilfield services to customers. Defendant subjected all NEEs to the same illegal pay policy: The Overtime Miscalculation Policies that failed to pay NEEs one-and-one-half times their regular rate of pay for all overtime hours worked. Accordingly, the Collective

Action Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

22. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Collective Action Members: Plaintiff's experience is typical of the experience of the Collective Action Members. All Collective Action Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for all hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact commonly apply to the Plaintiff, Collective Action Members, and all NEEs who worked for Defendant during the statutory time period.

23. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

24. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

25. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

### VII.   COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant time period, Defendant violated and continues to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant willfully failed to pay Plaintiff and the Collective Action Members in accordance with the law.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

B. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

C. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

E. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

/s/ Jack Siegel
Jack Siegel
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
4925 Greenville | Suite 600
Dallas, Texas 75206
T: (214) 790-4454
www.4overtimelawyer.com

Travis M. Hedgpeth
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510

Houston, Texas 77056  
Telephone: (281) 572-0727  
Facsimile: (281) 572-0728  
travis@hedgpethlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document will be served on Defendant with Plaintiff's Summons and Certificate of Interested Parties.

/s/ Jack Siegel
Jack Siegel