**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **SERGIO MORENO, Individually and On** | § | |
| **Behalf of All Others Similarly Situated,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **7:19-CV-240-DC-RCG** |
| **SILVERTIP COMPLETION SERVICES** | § | |
| **OPERATING, LLC,** | § | |
| *Defendant*. | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

BEFORE THE COURT is Defendant Silvertip Completion Services Operating, LLC's (Defendant) Motion for Leave to File Amended Answer (Motion for Leave) (Doc. 70) and Plaintiff Sergio Moreno's (Plaintiff) Motion to Strike Defendant's Untimely Amended Answer and Affirmative Defenses (Motion to Strike). (Doc. 57). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. (Doc. 6). After due consideration, the Court is of the opinion that Defendant's Motion for Leave should be **DENIED**. **(**Doc. 70). Accordingly, Plaintiff's Motion to Strike is now **MOOT**. (Doc. 57).

## I.   BACKGROUND

On October 15, 2019, Plaintiff filed this suit against Defendant as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq*. (Doc. 1). Plaintiff alleges that Defendant failed to pay him one and a half times the regular pay rate for all hours worked over forty in a workweek. *Id*. On November 11, 2019, Defendant filed its Original Answer. (Doc. 7).

On December 30, 2019, the Court entered a Scheduling Order that provided the deadline

to amend or supplement pleadings was June 1, 2020. (Doc. 20). On September 18, 2020, Defendant filed a Motion for Summary Judgment, in which it asserted that it was entitled to relief under the Motor Carrier's Act (MCA), 29 U.S.C. § 213(b)(1). (Doc. 49). Accompanied with its Motion for Summary Judgment, Defendant attached an amended answer that asserted the MCA as an additional affirmative defense. (Doc. 49-1 at 36–41). On October 19, 2020, Plaintiff filed the instant Motion to Strike arguing Defendant had improperly asserted an affirmative defense that was not asserted in Defendant's Original Answer. (Doc. 57 at 5). Additionally, Plaintiff argues granting leave to allow Defendant to file an amended answer is inappropriate because Defendant has failed to establish good cause as required by Federal Rule of Civil Procedure 16(b)(4). *Id*.

On October 28, 2020, Defendant responded to Plaintiff's Motion to Strike and filed its Motion for Leave asserting that good cause exists to allow filing of its amended answer under Federal Rule of Civil Procedure 16(b)(4). (Doc. 70). By its Motion, Defendant seeks leave of the Court's Scheduling Order to file an amended answer in order to include an additional affirmative defense relating to Plaintiff, arguing that Plaintiff is exempt from the FLSA overtime requirements under the MCA, 29 U.S.C. § 213(b)(1). (Doc. 70). The Court held a hearing regarding leave to file an amended answer on October 28, 2020.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave." Fed. R. Civ. P. 15(a)(2). According to the Rule, the "court should freely give leave when justice so requires." *Id.* "[T]he language of this rule 'evinces a bias in favor of granting leave to amend,' and '[a] district court must possess a 'substantial reason' to deny a request.'" *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

However, when a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15(a) and 16(b)(4) operate together to govern the amendment of pleadings. *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013). Rule 15(a) provides that leave to amend shall be "freely" given, but Rule 16(b)(4) "limits modifications to scheduling order situations where good cause is shown." *United States ex rel. Bias v. Tanqipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

### III.   DISCUSSION

In the instant case, the Court set a final deadline of June 1, 2020 for filing of amendments to pleadings. (Doc. 20). Defendant filed its Motion for Leave to file its amended answer past the deadline. (*See* Doc. 70). Therefore, Federal Rule of Civil Procedure 16(b)(4) controls the Court's analysis. *See Bias*, 816 F.3d at 328.

Under Federal Rule of Civil Procedure 16, a scheduling order issued by the court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, LLC v. SouthTrust Bank of Al., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1

(2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Defendant's explanation for failure to timely amend its answer is that after mediation, while further exploring the facts of its defenses, Defendant realized that Plaintiff's duties and responsibilities bring Plaintiff squarely within the MCA exemption. (Doc. 70 at 9). However, Defendant offers no explanation for its delayed analysis into the underlying facts of its defenses, which ultimately resulted in its untimely Motion. Moreover, Defendant wholly fails to explain why it could not have reasonably met the pleadings deadline had it exercised reasonable diligence.

In determining whether good cause exists, courts have consistently held that "mere inadvertence on the part of the movant and the absence of prejudice to the nonmovant are insufficient to establish 'good cause.'" *Sandoval v. Carrco Painting Contractors*, No. MO:16-CV-00159-DC, 2017 WL 8776906 at *3 (W.D. Tex. Mar. 22, 2017) (quoting *Clapper v. Am. Realty Inv'rs, Inc.*, No. 3:14-CV-2970-D, 2017 WL 978098, at *2 (N.D. Tex. Mar. 14, 2017); *see also S&W Enterprise*, 315 F.3d. at 536 ("S&W's explanation for its delayed analysis of *Sturges*—inadvertence—is tantamount to no explanation at all."). Here, Defendant's explanation is not the type of satisfactory explanation for the which the Court may grant relief. Additionally, Defendant does not refute Plaintiff's assertion that Defendant has been aware of the facts on which it now relies to support its Motion since the inception of this case. (Doc. 57 at 7). Given that the deadline to file amended pleadings was June 1, 2020, it is unclear why Defendant waited

until approximately 3 months after the expiration of the deadline to explore the underlying facts of the case to identify potential defenses.

Defendant has thus failed to explain its failure to timely move to amend or show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprise*, 315 F.3d at 535. Therefore, the first factor of the Court's analysis under Federal Rule of Civil Procedure 16(b)(4) weighs heavily against granting leave to Defendant to file its amended answer.

As to the second factor, the Court concludes that the amendment is important to the Defendant's case. Defendant argues the amendment and additional defense is important because, under the MCA exemption, the FLSA overtime requirements would be inapplicable to Plaintiff. (Doc. 70 at 5). If successful, the additional affirmative defense could alleviate Defendant's liability in the underlying case. Accordingly, the Court finds this factor weighs in favor of granting Defendant's Motion for Leave.

The Court considers the third and fourth factors together—potential prejudice in allowing the amendment and the availability of a continuance to cure such prejudice. The Court finds that permitting the additional affirmative defense would prejudice the Plaintiff by requiring additional discovery regarding the MCA exemption. Although the discovery deadline has not yet passed, Plaintiff argues—and the Court agrees—that the amendment would make the current discovery deadline of November 30, 2020 infeasible. (Doc. 57 at 8). Although a continuance could mitigate the prejudicial effect of the proposed amendment, requiring Plaintiff to participate in discovery on the additional defense would undoubtedly result in delay and additional cost. Moreover, Plaintiff has adhered to the Court's Scheduling Order since it was filed on December 30, 2019, and granting a continuance this late in the litigation process runs the risk of endorsing

dilatory litigation tactics, particularly considering Defendant's failure to explain its reason for delay. Therefore, the Court is unwilling to grant a continuance in the instant case.  Accordingly, the Court finds there is not good cause to amend the Scheduling Order to allow Defendant to file its amended answer. (Doc. 70).

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion for Leave to File Amended Answer is **DENIED**. (Doc. 70).

It is further **ORDERED** that Plaintiff's Motion to Strike Defendant's Untimely Amended Answer and Affirmative Defenses is now **MOOT**. (Doc. 57).

It is so **ORDERED**.

SIGNED this 13th day of November, 2020.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE